UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SPENCER VARDAMAN STEPHENS          CIVIL ACTION NO. 14-cv-1657

VERSUS                             JUDGE FOOTE

STEVE PRATOR, ET AL                MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Spencer Vardaman Stephens ("Plaintiff") is a self-represented inmate who was formerly housed in the Caddo Correctional Center ("CCC"). He alleges that Sheriff Steve Prator and Commander Robert Wyche are liable under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") because Plaintiff, who uses a wheelchair, was not placed in a handicap equipped cell.

Before the court are a Motion for Summary Judgment (Doc. 26) and a Dispositive Motion (Doc. 34) filed by Plaintiff. Defendants responded with memoranda in opposition and their own Motion for Summary Judgment (Doc. 33) that is also before the court. For the reasons that follow, it is recommended that Plaintiff's motions be denied and that Defendants' motion be granted.

**The Allegations**

Plaintiff alleges in his complaint that he was booked into the CCC on February 6, 2014. Defendants concede that Plaintiff is a paraplegic and used a wheelchair at the time he

was in the jail. CCC personnel completed a form that designated Plaintiff be housed as follows: Low bunk, low tier (handicap cell) (no boat bed) (cell for wheelchair). The form added that Plaintiff was on seizure precautions so must have a cellmate.

Plaintiff alleges that he was initially housed in Alpha Block cell 18, which is not handicap accessible. Ten days later, on February 16, he was moved to cell 2 of Alpha Block, with the only difference from his former cell being that the window on the cell door was larger. The cell was not designated for the handicapped or accessible for his wheelchair. Plaintiff alleges that he was moved again on February 22 to Echo Block cell 4, which is also not handicap designated or wheelchair accessible. Plaintiff was moved again in May to cell 5, "which they say is handicap cell." Plaintiff alleges that this move was made, about 90 days after he was arrested, only because the toilet broke in cell 4 and no other cell was open at the time.

Plaintiff stated in an amended complaint (Doc. 10) that he "was allowed to keep my wheelchair in the cell with me at all times," but he argued that having the chair did not justify his housing arrangement. Plaintiff alleged that his housing unit caused him to suffer hardships because he had difficulty looking in the higher-positioned mirror in cell 4, and he "endured pain & suffering because cell #4's toilet is lower & there's also no handicap railings for support which makes cell #4 not handicap accessible." Plaintiff seeks $3,500,000 in compensatory damages.

**Exhaustion of Administrative Remedies**

    **A.  The Exhaustion Requirement**

Defendants argue that Plaintiff's complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit.  The defense is based on the provision in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The statute requires proper exhaustion in accordance with prison or jail procedures.  Woodford v. Ngo, 126 S.Ct. 2378 (2006).

The statute's reference to actions "with respect to prison conditions" is interpreted broadly.  Porter v. Nussle, 122 S.Ct. 983 (2002).  And exhaustion is required even when the prisoner seeks relief not available in grievance proceedings.  Booth v. Churner, 121 S.Ct. 1819 (2001).  The reference to claims brought under "any other federal law" includes claims under the ADA.  Riley v. Kazmierczak, 497 Fed. Appx. 442, 443 (5th Cir. 2012).

    **B.  Waiver**

Exhaustion is an affirmative defense.  Jones v. Bock, 127 S.Ct. 910 (2007).  Plaintiff argues that Defendants waived the defense when they did not raise it in their answer.  Plaintiff is technically correct that the defense should have been asserted in the answer, but the defense is not waived if it is later presented in a motion and the opponent is given ample notice and opportunity to argue against the defense.  Wiggins v. Mendoza, 109 Fed. Appx. 661, 662 (5th Cir. 2004) (exhaustion not waived when raised in a motion), citing Lafreniere

Park Found. v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000) (defense omitted from answer not waived if raised in a manner that does not result in unfair surprise). The reasonable briefing opportunities provided Plaintiff in this case were adequate to cure the absence of the defense from the answer.

### C.  Adoption and Posting of the ARP

Defendants support their motion with a declaration from Sgt. Tommy Englade pursuant to 28 U.S.C. § 1746. Sgt. Englade testifies that he oversees the jail's administrative remedies system, which applies to any aspect of imprisonment and includes claims for monetary relief. He briefly describes the remedy system as beginning with a grievance that he reviews, followed by two levels of potential review. Englade states that Plaintiff "did not file an administrative grievance regarding his alleged confinement in a non-handicapped cell before filing this suit."

Plaintiff argues that Defendants may not rely on the exhaustion defense because the sheriff did not adopt the administrative remedy procedure in compliance with 42 U.S.C. § 1997 or the Louisiana statutes that govern the adoption of state agency regulations. First, there is no requirement of such formality to adopt an administrative procedure in compliance with federal law. There was, many years ago, a requirement that federal courts approve a prison grievance system before it could be enforced, but the PLRA, enacted in 1995, did away with that requirement and mandated that prisoners exhaust all "available remedies," not just those that meet federal standards. Woodford, 126 S.Ct. at 2382. There is also no requirement that a sheriff, who is not a state agency, formally promulgate his grievance

process as if it were part of the Louisiana Administrative Code. An inmate must comply with a grievance process that is available, even if the procedure does not comply with state law. Farrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002).

      Plaintiff next argues that the sheriff failed to provide written notice of the grievance process upon Plaintiff's entry into the jail and did not post it in handicap accessible areas. Motions that successfully assert the exhaustion defense are often accompanied by a copy of the relevant provisions of the CCC inmate handbook that set forth the rules for exhausting administrative remedies, plus an affidavit from the officer in charge that explains how inmates are informed of the policy, where the policy may be located, and the like. The motions often include a form signed by the inmate upon booking that acknowledged receipt of the inmate handbook. See, e.g., Harrison v. Deen, 2008 WL 5435339 (W.D. La. 2008); Jackson v. Prator, 2007 WL 1610778 (W.D. La. 2007); and Adger v. Wynn, 2008 WL 4186865 (W.D. La. 2008). That degree of detail was not provided in the defense affidavit in this case, but the undersigned has seen several cases from CCC in which it was established that a grievance process is available at the jail and made known to inmates.

      Plaintiff argues in a memorandum that he did not receive a copy of the grievance process rules, but he does not support that contention with competent evidence. In any event, "courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." Davis v. Fernandez, 798 F.3d 290, 295 (5th Cir. 2015). Summary judgment has been affirmed over a claim that an inmate did not receive an inmate handbook

when there was uncontested evidence of record that indicated a grievance procedure was in place and its contours were knowable to the inmate. Leggett v. Lafayette, 608 Fed. Appx. 187, 191 (5th Cir. 2015). Defendants could have presented a more compelling case regarding the available remedies and how they were made known to Plaintiff, but the undersigned finds that Sgt. Englade's uncontested statement is adequate to meet Defendants' burden of establishing that the administrative remedy process was available to Plaintiff.

Plaintiff also admitted in his complaint that he was aware of the ARP system. His complaint was filed on a form that this court issued before the Jones v. Bock decision declared that failure to exhaust is an affirmative defense so that inmates are not required to demonstrate exhaustion in their complaints. The form, which was allowed by Fifth Circuit decisions before Jones, asks for information about administrative exhaustion. Even though the court no longer requires prisoners to prove exhaustion at the pleading stage, many of them use the old form, copies of which are still found in some jails and prisons, and provide information about their administrative efforts.

Plaintiff used such an old form and checked "yes" to indicate that there was a prison grievance procedure in his institution. The next question asked if he filed a grievance based on the facts that form the basis of his lawsuit. Plaintiff checked a box for "no" and wrote, "They stated it would not work because I can be housed anywhere they want." These statements, though they may not under Jones form the grounds for dismissal in and of

themselves,[1] conflict with Plaintiff's representation in his briefs that he was not aware of the grievance process. And the simple statement that some unspecified person told Plaintiff that the grievance would not succeed does not excuse Plaintiff's failure to file and exhaust a grievance. "There is no futility exception to the exhaustion requirement." Randall v. Nash, 505 Fed. Appx. 372, 373 (5th Cir. 2013), citing Booth v. Churner, 121 S.Ct. at 1825 n.6. Accordingly, all Defendants are entitled to summary judgment on the grounds that Plaintiff did not exhaust available administrative remedies before he filed this suit.

**No Personal Involvement**

Sheriff Prator and Commander Wyche, the only named individual defendants, filed a memorandum in opposition to Plaintiff's "Dispositive Motion" that argued, among other defenses, that Plaintiff was not entitled to judgment against them because Plaintiff there were no allegations or evidence that either man had any personal involvement in or awareness of the decisions regarding Plaintiff's cell assignment.

Prator and Wyche also filed their own motion for summary judgment. A reply brief filed in connection with the motion argues that the motion included an argument based on lack of personal involvement. However, the motion for summary judgment itself raises only the exhaustion defense. Perhaps the memorandum that was intended to be filed in support of the motion for summary judgment included the personal involvement argument, but it appears the incorrect memorandum (one that had been filed earlier in opposition to Plaintiff's

---

[1] Carbe v. Lappin, 492 F .3d 325 (5th Cir.2007) ("a district court cannot by local rule sidestep Jones by requiring prisoners to affirmatively plead exhaustion").

motion) was inadvertently attached to the motion. In any event, Plaintiff was put on adequate notice through the earlier memorandum that Prator and Wyche argued that they are entitled to summary judgment for this reason.

A sheriff or other supervisor can be held liable under Section 1983 only for his or her own acts or omissions. The doctrine of respondeat superior does not apply, so Section 1983 does not permit a cause of action based on the conduct of subordinates. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999). To establish a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Plaintiff's complaint listed Prator and Wyche as defendants, but it did not make any specific allegations that either man was involved or even aware of the housing assignment decisions at issue. Plaintiff also named the Caddo Correctional Center as a defendant, but it is not an entity capable of being sued; it is merely a building and grounds owned by the sheriff. See Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009) ("It is well established that a detention center is not a legal entity capable of being sued."). Plaintiff also named unspecified "Housing Unit Sergeants" as defendants, but no actual individuals were named or served. Accordingly, Prator, Wyche, and the other defendants are entitled to summary judgment for these reasons, in addition to the failure to exhaust administrative remedies.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 26)** and **Dispositive Motion (Doc. 34)** be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 33)** be **granted** and that all claims against all Defendants be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of March, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge